# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EARL RICHARDSON,

      Plaintiff,      :      Case No. 3:10-cv-028

                            District Judge Walter Herbert Rice
   -vs-                          Magistrate Judge Michael R. Merz

                                    :

DAYTON PUBLIC SCHOOLS, et al.,

      Defendants.

## RECOMMENDATION TO DISTRICT JUDGES REGARDING RELATED CASE MEMORANDUM; ORDER TO ISSUE AND SERVE PROCESS

      Plaintiff Earl Richardson filed this action *pro se* and *in forma pauperis* as a result of the Magistrate Judge's Order in Case No. 3:09-cv-455 requiring that the claims made in that case be separated into two lawsuits. This new case has been randomly assigned to District Judge Rice and referred randomly to Magistrate Judge Merz under the Dayton General Order of Assignment and Reference.

      These two cases are related only in that the claims made were once all pled in Case No. 3:09-cv-455 and have been separated on court order and the illness complained of in the earlier case is alleged to be the source of Mr. Richardson's disability or perceived disability complained of in the second case. The Magistrate Judge perceives no likely judicial economy from transferring the new case to Judge Rose and respectfully recommends to both District Judges that they allow the second case to remain assigned to Judge Rice.

      This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by

the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

The Court cannot tell from the face of the Complaint in this case whether it properly states

a claim for relief against any of the Defendants.  Accordingly, it is hereby ORDERED:

1. The Clerk shall issue process for service upon each of the Defendants upon presentation of properly prepared Summons and Marshal 285 forms by the Plaintiff.

2. Upon receipt of the properly prepared forms, the United States Marshal shall make service of process in this case.

January 25, 2010.

                                                        s/ **Michael R. Merz**
                                                    United States Magistrate Judge