# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

EARL RICHARDSON,

           Plaintiff,           :        Case No. 3:10-cv-028

                                    District Judge Walter Herbert Rice

   -vs-                            Magistrate Judge Michael R. Merz

                           :

DAYTON PUBLIC SCHOOLS, et al.,

           Defendants.

## REPORT AND RECOMMENDATIONS; ORDER DENYING MOTION TO AMEND

This case is before the Court on Defendants' Motion to Dismiss (Doc. No. 7). Plaintiff opposes the Motion and has also moved for leave to file an amended complaint (Doc. No. 10).

### Motion to Dismiss

The Motion to Dismiss was made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

*Bell Atlantic* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)(Specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.") Some courts had thought *Twombly* only

applied to antitrust cases. The Supreme Court made clear its broad application last term:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief

.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009). "[W]e accepted as true all

non-conclusory allegations in the complaint and determine whether they state a plausible claim for relief." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), citing *Iqbal*.

## Counts 1 and 2

In his first and second claims for relief, Plaintiff appears to be asserting claims for discrimination under the Americans with Disabilities Act (Complaint, Doc. No. 1, PageID 2-3.) Defendants seeks dismissal of these claims because they do not assert that Plaintiff has exhausted his administrative remedies for disability discrimination.

The Sixth Circuit has plainly held that

> Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000). An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies. See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims); see also *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999).

*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). In neither the Complaint nor his Answer and Objection to the Motion does Plaintiff anywhere claim that he has filed a charge of discrimination with the EEOC; his Motion to Amend does not offer to amend to add such a statement, nor does it have an attached right to sue letter.

In his Answer and Objection, Plaintiff relies on the statute of limitations set forth in 28 U.S.C. § 2401 for actions against the United States. However, the United States is not a party to this case nor responsible in law for the actions of the Dayton Public Schools Board of Education.

Plaintiff claims that there is no exhaustion of remedies requirement because he brought this

case under Title II of the ADA (the public services title) as opposed to Title I (the employment title), relying on *Doe v. County of Milwaukee,* 871 F. Supp. 1072 (E.D. Wisc. 1995). However, the Sixth Circuit has held that "the statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA. . .," *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997). Sixth Circuit precedent of course governs District Courts, such as this one, within the Sixth Circuit[1].

Plaintiff refers the Court to Senate Bill 705 which would amend some statute to remove the requirement of exhaustion of administrative remedies (PageID 50). It appears, however, that is proposed rather than enacted legislation and it seems to refer to California law, not federal law[2].

Plaintiff's Motion to Amend does not seek to add any allegations which would correct this deficiency. Therefore Counts 1 and 2 of the Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted. The Court offers no opinion on whether Plaintiff can still obtain a right to sue letter.

## Count 3

In Count 3 Plaintiff alleges a breach of the collective bargaining agreement between Dayton Public Schools and American Federation of State, County, and Municipal Employees ("AFSCME") Local #627 (Complaint, Doc. No. 1, PageID4).

Defendants correctly note that any state law cause of action for breach of a union contract is

---

[1]For Plaintiff's benefit, the Court notes that the Sixth Circuit comprises Michigan, Ohio, Kentucky, and Tennessee. The District of Wisconsin, which decided the *County of Milwaukee* case, is in the Seventh Circuit. The United States Supreme Court has not yet resolved this split among the circuits.

[2]The senators mentioned in Plaintiff's memorandum are not the United States Senators from California, Diane Feinstein and Barbara Boxer.

preempted by § 301 of the Labor Management Relations Act (Motion, Doc. No. 7, PageID30). Plaintiff essentially concedes this point and seeks leave to amend to add Local 627 and Clyde Mauk, the Union's staff representative who represented him in the medical status meeting in 2007 and told him he would have to hire his own attorney.

As Defendants also correctly note and assuming that Plaintiff is attempting to bring a so-called hybrid action against both the Union and Dayton Public Schools, Plaintiff has not alleged he has exhausted the grievance process under the collective bargaining agreement. In his Motion to Amend, Plaintiff does not seek to add any facts about exhaustion. In the alternative, if he did involve the Union and Mr. Mauk's statement in 2007 that he would have to get his own lawyer is the set of facts he relies on for the Union's failure in its duty of fair representation, then his lawsuit comes to late, as there is a six-month statute of limitations on § 301 actions. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151(1983).

Count 3 of the Complaint, even as proposed to be amended by the Motion to Amend, is barred by the statute of limitations, and should be dismissed with prejudice.

### Count 4

Count 4 is labeled "Misappropriation of Funds/Generated under my Name Payroll Department: (Monetary Affidavit)." The body of this Count alleges that there exists a document labeled a Claimant's Monetary Affidavit from the Office of Employment Compensation which says Plaintiff was working and earning wages between January 1, 2007, and March 31, 2008. Plaintiff avers that this is inaccurate and he only earned approximately $2,851 during that time.

Plaintiff does not say how he was harmed by this action in any way. The allegation should perhaps alert Defendant Dayton Public Schools to audit the relevant accounts to see if someone else

received money under Plaintiff's name during that period of time. Plaintiff does not claim, however, that he is entitled to the additional $5,000, but merely that he did not earn that amount during that period of time.

In his Answer and Objection, he claims that this information was sent to the Ohio Unemployment Agency and prevented him from drawing unemployment compensation during the period he was on medical leave. Assuming that Plaintiff is intending to allege that he is entitled to more unemployment compensation than he received, he has failed to plead that he presented this claim to the relevant Ohio unemployment compensation authorities and what disposition they made of the claim. Nothing in Plaintiff's Motion to Amend addresses this issue.

Therefore Count 4 should be dismissed without prejudice for failure to state a claim upon which relief can be granted.


## Individual Defendants


In addition to Dayton Public Schools, Plaintiff has sued Ed Sweetnich and Phillip Bass as individuals. As Defendants point out, individuals are not employers for purposes of the ADA. *Wathen v. General Electric Co.,* 115 F.3d 400, 406, (6th Cir. 1997). The claims against Sweetnich and Bass should be dismissed for failure to state a claim upon which relief can be granted.


## Motion to Amend


Under Fed. R. Civ. P. 15, motions to amend are to be "freely granted" and courts routinely allow amendments to cure deficiencies pointed out by motions to dismiss under Fed. R. Civ. P. 12(b)(6). However, a motion to amend is not to be granted if it would be futile, i.e., if the amended

complaint could not withstand a renewed motion under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

Plaintiff has not tendered a proposed amended complaint which could be assessed in its entirety and as is appropriate when moving to amend under Rule 15. As noted above, none of the amendments Plaintiff proposes to make would cure the deficiencies in the Complaint pointed out by the Motion to Dismiss. Therefore the amendments would be futile and the Motion to Amend is denied.

April 23, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).