IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EARL RICHARDSON,

                Plaintiff,       :       Case No. 3:10-cv-028

    -  vs  -                               Magistrate Judge Michael R. Merz

DAYTON PUBLIC SCHOOLS, et al.,

                Defendants.      :

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 51) of the Court's Decision and Order Denying Motion to Reopen Case (Doc. No. 50). Although the motion is made post-judgment, the Magistrate Judge is authorized to decide it by the earlier unanimous consent of the parties and District Judge Rice's reference of the case under 28 U.S.C. § 636(c)(Doc. No. 18).

In the caption of his Motion, Richardson references Fed. R. Civ. P. 60(b)(6). Richardson brought his prior Motion under Fed. R. Civ. P. 60(b)(2), (3), and (4)(Decision and Order, Doc. No. 50, PageID 333). Although citing Rule 60(b)(6), Richardson reargues the prior grounds:

> The grounds of relief from Judgment under the Federal Rules of
> Civil Procedure Rule 60 (b) is based firstly Mistake, concealment
> Excusable Neglect; latent occupational diseases, ongoing illnesses,
> hospitalization; Secondly; New Found discovery medical evidence

1

>    and information and Thirdly Fraud and concealment of information
>    and failure to investigate the claim.

Thus despite the citation to Fed. R. Civ. P. 60(b)(6), the motion is appropriately considered as one for reconsideration of the prior denial of relief under Fed. R. Civ. P. 60(b)(1), (2), and (3).

"As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).

Having examined Richardson's instant Motion, the Court finds no facts or legal argument showing the Court committed manifest error in the prior decision.  Richardson insists he has "newly discovered evidence,"  but it is evidence which came into existence after judgment was entered in this case.  To the extent the Bureau of Workers Compensation may have a duty to investigate that evidence, it is a new duty, one that arose after this case was final.

Richardson is simply wrong in his assertion that this Court has jurisdiction to review state agency orders.  The controversy in this case arises from the denial of workers' compensation benefits and it is not sufficiently related to a claim within the original jurisdiction of this Court so as to come within the supplemental jurisdiction provided in 28 U.S.C. § 1367.

The Motion for Reconsideration is DENIED.

August 16, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
